IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-CR-30115-SMY |
| | ) |
| | ) |
| TOMMIE J. SCOTT | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Tommie Scott filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 41). Assistant Federal Public Defender Todd Schultz voluntarily entered his appeared on behalf of Defendant (Doc. 42). Mr. Schultz has now moved to withdraw claiming that Defendant is ineligible for a sentence reduction under Amendment 782 because his guideline range has not changed (Doc. 43). Defendant was given thirty days to respond to counsel's Motion by this Court's Order to Show Cause (Doc. 44). Defendant did not respond.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the

Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses.

Here, Defendant was sentenced to a mandatory minimum term of imprisonment of 120 on Count 2 and a consecutive term of 60 months on Count 3 after entering a plea of guilty (s*ee* Docs. 23 and 31). Upon review of the record, the Court finds that Defendant is ineligible for a sentence reduction because the Advisory Sentencing Guidelines do not result in any change in guideline computations as Defendant faces a mandatory minimum term of 120 months and a consecutive term of 60 months. Thus, his sentence cannot be further reduced by application of the Amendment. *See United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003).

Having carefully reviewed the issues, the Court concludes that Mr. Schultz is entitled to withdraw as defense counsel, and Defendant is not eligible for the requested relief. For these reasons, Mr. Schultz's Motion to Withdraw (Doc. 43) is **GRANTED**. Defendant's Motion for a Sentence Reduction (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 17, 2016**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**